UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Gloria Kathleen Sadlowski, Debtor<br><br>Gloria Kathleen Sadlowski,<br>    Appellant,<br><br>    v.<br><br>Molly T. Whiton, as Trustee,<br>    Appellee. | No. 3:14-cv-01088 (MPS)<br><br><br><br><br><br><br><br>March 27, 2015 |

### RULING ON BANKRUPTCY APPEAL

Appellant Gloria Sadlowski ("Sadlowski"), proceeding pro se, has appealed from an order of the United States Bankruptcy Court for the District of Connecticut dismissing her Chapter 13 case without prejudice. For the reasons set forth below, the bankruptcy court's judgment is affirmed.

**I.     Background**

Sadlowski filed a Chapter 13 bankruptcy petition on January 31, 2014. *In re Gloria Kathleen Sadlowski*, No. 3:14-BK-30171, ECF No. 1. On Schedules D-F, she listed a total of $78,992.33 in creditor claims, all arising from her tax debt to the Town of Middlefield ("Town"). *Id.*, ECF No. 15 at 10-15. On her Schedule A, Sadlowski listed a $200,000 contingent interest in real property at 130 Ross Road, Rockfall, CT ("Property"), noting that she was contesting a foreclosure brought by the Town. *Id.* at 3. She listed $16,764 in personal property on her Schedule B, all of which she listed as exempt on her Schedule C. *Id.* at 4-8.

The foreclosure action referenced in Sadlowski's filings was filed in Connecticut state court in December 2008. *See Town of Middlefield v. Sadlowski*, MMX-CV-08-5005745-S. A judgment of foreclosure by sale was entered on November 29, 2010. *Id.*, Docket No. 124.00. By

order dated December 15, 2010, a sale was scheduled for February 5, 2011. *Id.*, Docket No. 121.10. By order dated February 25, 2011, the court granted a motion for possession. *Id.*, Docket No. 127.10. By order dated May 20, 2011, the court ratified the sale and conveyance of the Property to purchaser Kim Michalsky. *Id.*, Docket No. 138.10. A portion of the proceeds of the sale was awarded to the Town. *Id.*

In her bankruptcy plan, filed three years later on February 12, 2014, Sadlowski listed her tax debts to the Town, which she proposed to pay off over five years, after which, if necessary, she would sell the Property to complete her payments. *In re Gloria Kathleen Sadlowski*, No. 3:14-BK-30171, ECF No. 14. She proposed that title to the Property would "revest" in her upon approval by the bankruptcy court. *Id.* Molly T. Whiton, the Chapter 13 Standing Trustee ("Trustee"), requested a confirmation hearing and moved to dismiss the case "in the event that the plan is not confirmable." *Id.*, ECF No. 8.

The bankruptcy court held a hearing on May 1, 2014, and subsequently dismissed the case on May 5, 2014, without prejudice, on the ground that Sadlowski's Chapter 13 plan was not confirmable. *Id.*, ECF Nos. 18, 19. During the hearing, the Trustee represented to the bankruptcy court that all debt owed to the Town had already been paid through the foreclosure sale. Tr. of May 1, 2014, Hearing at 5-6. The bankruptcy court determined that the Chapter 13 plan was not confirmable because Sadlowski no longer owned the Property and no longer owed any debt to the Town. *Id.* at 11, 21.

After the case was dismissed, Sadlowski filed the instant appeal, requesting that this Court reverse both the state court's approval of the foreclosure sale and the bankruptcy court's dismissal of her case. Br. of Appellant at 42. In response, the Trustee argues that the bankruptcy

...
...

court properly dismissed Sadlowski's plan because the she no longer owns the Property. Br. of Appellee at 6.

## II.     Standard of Review

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, "[t]he fact findings of the bankruptcy court are reviewed by the district court for clear error, and the conclusions of law are reviewed de novo." *In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996) (citing Fed. R. Bankr. P. 8013).

## III.    Discussion

The only issue properly before this Court is whether the bankruptcy court erred in dismissing Sadlowski's Chapter 13 plan as not confirmable.[1] Under 11 U.S.C. § 1307(c)(5), a bankruptcy court may dismiss a Chapter 13 case "for cause" if the plan is not confirmed.[2] To be confirmed, a Chapter 13 plan must be feasible. *See* 11 U.S.C. § 1325(a)(6);[3] *In re Capodanno*, 94 B.R. 62, 64 (Bankr. E.D. Pa. 1988) ("[The] feasibility of a Plan is an absolute prerequisite to confirmation."). "Debtors have the burden to prove that their plans are feasible." *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010).

---

[1] The state court's approval of the foreclosure sale of the Property was not properly part of the bankruptcy proceedings and thus not before this Court on appeal. Neither the bankruptcy court nor this Court has the authority to revisit or modify the state court foreclosure judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.").

[2] The section reads:
> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan.

11 U.S.C. § 1307(c)(5).

[3] The section provides: "(a) Except as provided in subsection (b), the court shall confirm a plan if— . . . (6) the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

Here, dismissal of Sadlowski's case was proper because she could not feasibly comply with the plan. The bankruptcy court correctly identified why compliance was not feasible—namely, that Sadlowski had lost title to the Property listed in the plan three years prior and, as a result of the foreclosure sale, no longer owed the debts listed in the plan. Thus, dismissal was proper.

### IV. Conclusion

For the reasons above, the judgment of the bankruptcy court is AFFIRMED. The Motion for Reconsideration filed on this Court's docket (ECF No. 27) is DENIED, although the Court notes that it has reviewed the reply brief filed with that motion. The Motions to Seal (ECF Nos. 19, 22) are both GRANTED because the documents to be sealed refer to the appellant's medical condition. The Motion for Extension of Time (ECF No. 20) is DENIED as moot. The Motion to Participate in Electronic Filing (ECF No. 16) is GRANTED.

**SO ORDERED** this 27th day of March, 2015, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge